**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Chantel Deelva Pelaez<br>_Debtor_ | CHAPTER 13 |
| Specialized Loan Servicing LLC as servicer for Government Loan Securitization Trust 2011-FV1, U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee and U.S. bank National Association, not individual capacity but solely as Co-Trustee<br>_Movant_<br>vs.<br>Chantel Deelva Pelaez<br>_Debtor_<br>William C. Miller, Esquire<br>_Trustee_ | NO. 19-12241 ELF<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's mortgage is **$2,226.95,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 2020 to august 2020 at $591.29/month |
| Suspense Balance: | $138.21 |
| **Total Post-Petition Arrears** | $2,226.95 |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$2,226.95.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$2,226.95** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due September 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $591.25 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay. In the event of a third default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 3, 2020                By: */s/ Rebecca A. Solarz, Esquire*
                                    Attorney for Movant

Date: *August 11, 2020*             */s/ Brandon J. Perloff, Esquire*
                                    Brandon J. Perloff, Esquire
                                    Attorney for Debtor

Date: August 11, 2020               /s/ LeRoy W. Etheridge, Esq.  for
                                    William C. Miller, Esquire
                                    Chapter 13 Plan          NO OBJECTION
                                                             *without prejudice to any
                                                             trustee rights and remedies.

Approved by the Court this _____ day of _____, 2020.  However, the court retains discretion regarding entry of any further order.

 

_____
Bankruptcy Judge
Eric L. Frank