United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Chantel Deelva Pelaez  
     Debtor

Case No. 19-12241-elf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: dlv    Page 1 of 1    Date Rcvd: Aug 14, 2020  
                      Form ID: pdf900    Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 16, 2020.
```
db             +Chantel Deelva Pelaez,    7816 Cedarbrook Avenue,    Philadelphia, PA 19150-1308
cr             +Government Loan Securitization Trust 2011-FV1,    14841 Dallas Parkway Suite 425,
                 Dallas, TX 75254-8067
cr             +SPECIALIZED LOAN SERVICING LLC,    14841 DALLAS PKWY SUITE 425,    Dallas, TX 75254-8067
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             +E-mail/PDF: gecsedi@recoverycorp.com Aug 15 2020 05:05:15      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                             TOTAL: 1
```

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 16, 2020                                             Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 14, 2020 at the address(es) listed below:
```
          BRANDON J PERLOFF    on behalf of Debtor Chantel Deelva Pelaez bperloff@perlofflaw.com,
           kmecf1429@gmail.com
          MARY F. KENNEDY    on behalf of Creditor    Citizens Bank, N.A. mary@javardianlaw.com,
           angie.harrigan@javardianlaw.com
          REBECCA ANN SOLARZ    on behalf of Creditor     Goverment Loan Securitization Trust 2011-FV1, Et
           Al... bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                             TOTAL: 5
```

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Chantel Deelva Pelaez <br> _Debtor_ | CHAPTER 13 |
| Specialized Loan Servicing LLC as servicer for Government Loan Securitization Trust 2011-FV1, U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee and U.S. bank National Association, not individual capacity but solely as Co-Trustee <br> _Movant_ <br> vs. | NO. 19-12241 ELF <br><br> 11 U.S.C. Section 362 |
| Chantel Deelva Pelaez <br> _Debtor_ | |
| William C. Miller, Esquire <br> _Trustee_ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's mortgage is **$2,226.95,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 2020 to august 2020 at $591.29/month |
| Suspense Balance: | $138.21 |
| **Total Post-Petition Arrears** | $2,226.95 |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$2,226.95.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$2,226.95** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due September 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $591.25 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay. In the event of a third default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   August 3, 2020              By: */s/ Rebecca A. Solarz, Esquire*
                                     Attorney for Movant

Date:   *August 11, 2020*           */s/ Brandon J. Perloff, Esquire*
                                     Brandon J. Perloff, Esquire
                                     Attorney for Debtor

Date:   August 11, 2020             /s/ LeRoy W. Etheridge, Esq.  for
                                     William C. Miller, Esquire
                                     Chapter 13 Plan           NO OBJECTION
                                                               *without prejudice to any
                                                               trustee rights and remedies.

- 2 -

# O R D E R

Approved by the Court this __13th__ day of ___August___, 2020.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank

- 3 -